IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JUANITA CARR

       Plaintiff,

                                                  **Case No.: 12-cv-00020**

v.

ENHANCED RECOVERY COMPANY, LLC,

       Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred within this Judicial District.

5. The Plaintiff resides within this Judicial District.

6. Defendant transacts business and regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

7. Plaintiff, Juanita Carr, is a natural person.

8. The Plaintiff resides in the City of Kansas City, County of Jackson, State of Missouri.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692 et seq.

10. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

11. Defendant, Enhanced Recovery Company, LLC is a foreign entity which maintains no Missouri resident agent.

12. Defendant maintains a Kansas resident agent of Capitol Corporate Services, Inc., 700 W. Jackson Street #100, Topeka, Kansas 66603.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The principal business of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

17. The Defendant regularly purchases delinquent consumer accounts.

## **FACTUAL ALLEGATIONS AND CAUSES OF ACTION**

18. Sometime prior to the filing of the instant action the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account").

19. The Plaintiff disputes the account.

20. The Plaintiff requests that the Defendant cease all communication personally on the Account.

21. The Plaintiff is represented by the undersigned attorney with respect to the account.

22. The Account was allegedly was not paid and it went into default with the creditor.

23. Sometime after the account went into default, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection.

24. In the year prior to the filing of the instant action, the Plaintiff received telephone calls and voicemails from representatives, employees and/or agents of the Defendant who were attempting to collect the Account.

25. Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

26. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

27. The telephone calls between Defendant and Plaintiff each individually constitute a "communication" as defined by FDCPA § 1692a(2).

28. The purpose of Defendant's telephone calls to Plaintiff was to collect the account.

29. The telephone calls each conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The only reason that the Defendant and/or its representatives, employees and/or agents made the telephone calls to Plaintiff was to attempt to collect the Account.

31. During the telephone calls and voicemails representatives, employees and/or agents of the Defendant attempting to collect the account disclosed confidential account information to a third party in violation of 15 U.S.C. § 1692c(b).

32. During the telephone calls representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity in violation of 15 U.S.C. § 1692d preface and d(6).

33. During the telephone calls representatives, employees and/or agents of the Defendant failed to identify itself as a debt collector or that it was attempting to collect a debt in violation of 15 U.S.C. § 1692e preface and e(11).

34. During the telephone calls representatives, employees and/or agents of the Defendant caused Plaintiff's telephone continuously to ring with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

35. During the telephone calls representatives, employees and/or agents of the Defendant repeatedly engaged Plaintiff in conversation with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

36. The Defendant and its representatives, employees and/or agents above listed statements and actions involve unfair and/or unconscionable means to collect or attempt to collect a debt and therefore constitute violate FDCPA 1692f.

37. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

38. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Missouri as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.  A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.  Damages pursuant to 15 U.S.C. § 1692k(a).

3.  Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #53501
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF